UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STACEY L. PHILLIPS

        Plaintiff,

v.

JP MORGAN CHASE BANK, N.A.

        Defendant.
_____/

Case No.: 8:24-cv-02536

**JURY TRIAL DEMANDED**

**COMPLAINT**

**COMES NOW**, Plaintiff, Stacey L. Phillips (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, JP Morgan Chase Bank, N.A. (hereinafter, "Chase" or "Defendant"). In support thereof, Plaintiff states:

**PRELIMINARY STATEMENT**

1. This is an action for damages for violations of the (a) Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq*. (hereinafter, the "FCRA"), (b) Real Estate Settlement Procedures Act, and (c) settlement agreement executed and agreed by the parties, wherein despite Plaintiff's repeated meritorious disputes of the account's credit reporting, Chase continued to report the account a reaffirmed debt as discharged in bankruptcy

to Experian, Equifax, and TransUnion. Chase further failed to notate the account as disputed, both to the substantial detriment of Plaintiff's credit rating and in violation of the FCRA.

## JURISDICTION, VENUE & PARTIES

2. Jurisdiction of this Court arises under 28 United States Code, Section 1331, as well as pursuant to the FCRA, 15 United States Code, Section 1681, *et seq*.

3. Defendant is subject to the jurisdiction of this Court as Defendant regularly transact business in this District and the events described herein occur in this District.

4. Venue is proper in this District as the acts and transactions described herein occur in this District.

5. At all material times herein, Plaintiff is a natural person residing in Pinellas County, Florida.

6. At all material times herein, Chase is a foreign corporation existing under the laws of the state of Ohio, with its principal place of business located at 1111 Polaris Parkway, Columbus, OH 43240.

## GENERAL ALLEGATIONS

7. At all material times herein, Chase is a "person" who furnishes

information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

8. Chase furnishes, reports, publishes, and verifies via investigation specific details of consumers' alleged outstanding or delinquent debt accounts to compel or coerce the alleged debtor to either satisfy the alleged balance or suffer the consequences of delinquent accounts, such as higher interest rates on consumer loans or complete denial of credit.

9. At all material times herein, Defendant is a mortgage loan servicer, conducting business in the State of Florida.

10. At all material times herein, Defendant acted itself or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

11. All necessary conditions precedent to the filing of this action occurred, or Defendant waived the same.

## **FACTUAL ALLEGATIONS**

12. On May 16, 1996, a mortgage was recorded against Plaintiff's real estate property by virtue of a Promissory Note.

13. On August 5, 2020, Plaintiff filed bankruptcy under Chapter 7 of Title 11 of the Bankruptcy Code, Case No. 8:20-bk-05987 ("Bankruptcy Case").

14. On October 15, 2020, Plaintiff and Chase entered into a reaffirmation agreement while represented by legal counsel.

15. On April 5, 2021, the Court entered an Order Granting Debtor's Motion to Deem Reaffirmation Agreement Timely Filed in Plaintiff's Bankruptcy Case.

16. Thereafter, Plaintiff obtained a copy of her credit reports and discovered that the Chase Account was reporting as discharged despite the reaffirmation agreement.

17. On June 3, 2022, Plaintiff filed an action for violations of the FCRA against Chase in the Middle District of Florida, Case No. 8:22-cv-01206 (the "First Litigation").

18. On August 3, 2022, the parties resolved the action under a settlement agreement (the "Settlement Agreement"). Please see attached a true and correct copy of the Settlement Agreement, labeled as **Exhibit "A".**

19. Specifically, the Settlement Agreement required within thirty days of full execution of the Settlement Agreement that Chase was to submit

an electronic Automated Universal Dataform ("AUD") to the credit bureaus to reflect that the loan was reaffirmed and that all payments were timely paid.

20. Notwithstanding the understanding between the parties, Chase failed to submit the AUD to the credit bureaus and to Plaintiff's legal counsel, despite multiple requests, in violation of the Settlement Agreement.

21. Alternatively, even if Chase submitted information to the credit bureaus in compliance with the Settlement Agreement, Chase failed to accurately report and update the account with the credit bureaus within thirty days of full execution of the Settlement Agreement.

22. Specifically, after entering into the Settlement Agreement, Plaintiff reviewed her credit reports and discovered that Chase was still reporting the debt as discharged to the credit bureaus with zero balance owed and failed to report any timely payments on the account after August 2022.

23. In or about August 2024, Plaintiff attempted to dispute the inaccurate, misleading, and incomplete reporting of the debt online with each of the credit bureaus directly. The reporting by Chase remained unchanged.

24. On September 4, 2024, Plaintiff, with the assistance of the undersigned counsel, sent a notice of error to Chase requesting that it update Plaintiff's credit reporting in compliance with the reaffirmation agreement.

5

Please see attached a true and correct copy of Plaintiff's notice of error, labeled as **Exhibit "B".**

25. On September 6, 2024, Plaintiff, with the assistance of the undersigned counsel, disputed Chase's credit reporting of the reaffirmed debt as discharged by separate letters to Experian, Equifax and TransUnion (hereinafter, the "First Dispute Letter"). Please see attached a true and correct copy of Plaintiff's First Dispute Letter, labeled as **Exhibit "C".**

26. In the First Dispute Letter, Plaintiff disputed Chase's inaccurate reporting of the Account, explaining that:

    a. Plaintiff reaffirmed the debt with Chase, and enclosed a copy; and

    b. The Account should be updated to reflect monthly on time payments pursuant to the reaffirmation agreement.

27. Experian, Equifax and TransUnion communicated Plaintiff's First Dispute Letter to Chase.

28. On or about October 3, 2024, Plaintiff, with the assistance of the undersigned counsel, sent a second letter disputing Chase's credit reporting of the reaffirmed debt as discharged by separate letters to Experian and Equifax

(hereinafter, the "Second Dispute Letter"). Please see attached a true and correct copy of Plaintiff's Second Dispute Letter, labeled as **Exhibit "D".**

29. Notwithstanding Plaintiff's two disputes of the credit reporting of the debt, Chase continued to report the debt as discharged in bankruptcy and ceased reporting any positive payment history after June 2024 with zero balance owed on the debt.

30. Specifically, the Chase account is Plaintiff's longest standing account on her credit reports as it is a 30 year mortgage with a 29 year positive payment history.

31. Notably, one credit bureau shows that Chase stopped reporting the reaffirmed debt with the last activity date of August 2022.

32. As of the filing of this Complaint, Chase has not responded or even acknowledged Plaintiff's notice of error.

33. As a direct result of the debt collection, communicating, and inaccurate reporting of the Account on Plaintiff's credit reports, Plaintiff has been unable to obtain financing and has suffered a decrease in her credit score.

34. Additionally, as a result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and

confusion, believing that despite her dispute efforts, Plaintiff must endure the erroneous and incorrect reporting of the Account.

35. Plaintiff further suffered actual damages in the cost of mailing multiple letters with tracking to dispute the inaccurate, misleading and incomplete credit reporting of the debt.

36. The FCRA, Sections 1681n or 1681o, or both, provide for the award of between $100 up to $1,000 in statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Chase.

37. At all material times herein, it would have been possible for Defendant to avoid violating the terms of the FCRA.

**COUNT ONE:
FAIR CREDIT REPORTING ACT –
<u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681S-2(b)</u>**

Plaintiff re-alleges paragraphs one (1) through thirty-seven (37) as if fully restated herein and further states as follows:

38. Chase is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully or negligently publishing or furnishing—or both—inaccurate Account information within Plaintiff's credit reports, failing to fully and properly investigate Plaintiff's disputes,

failing to review all relevant information regarding the same, and failing to correctly report the account on Plaintiff's credit reports after investigating Plaintiff's disputes.

39. As described above, despite receiving notice of Plaintiff's disputes from Plaintiff as well as from TransUnion, Equifax, and Experian, Chase willfully or negligently reported—or both—erroneous credit information regarding the account to the TransUnion, Equifax, and Experian.

40. Specifically, after receiving notice of Plaintiff's repeated disputes from TransUnion, Equifax, and Experian, Chase inaccurately reported the reaffirmed debt as discharged, with payment histories through July 2024, and with zero balance owed, thus ultimately reflecting negatively on Plaintiff's credit reports and credit file.

41. Additionally, Chase violated the FCRA, Section 1681s-2(b)'s, "completeness" requirement by failing to notate in its reporting to TransUnion, Equifax, and Experian that Plaintiff disputed the account.

42. Further, Chase reported the immediately-aforementioned negative account information with actual knowledge that the Debt associated with the account was reaffirmed.

43. Chase's investigations were not conducted in good faith.

44. Chase's investigations were not conducted reasonably.

45. Chase's investigations were not conducted using all information reasonably available to Chase.

46. As a result of Chase's conduct, actions, or inactions, Plaintiff was damaged, suffering injury to her credit and reputation, credit score, and a loss of access to credit, all as a result of inaccurate, misleading, and incomplete reporting of the Account for a reaffirmed debt.

47. Chase's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

48. Chase's actions in violation of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitle Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT TWO:**
**REAL ESTATE SETTLEMENT PROCEDURES ACT –**
**VIOLATION OF 12 UNITED STATES CODE, SECTION 2601**
***ET SEQ.***

Plaintiff re-alleges paragraphs one (1) through thirty-seven (37) as if fully restated herein and further states as follows:

49. At all times relevant to this action Colonial is subject to and must abide by the real estate settlement procedures act, 12 U.S.C. § 2061, *et seq.*, (hereinafter "RESPA") and the regulations applicable thereto, as set forth in 24 C.F.R. § 3500.1, *et seq.*, and 12 C.F.R. § 1024.30, *et seq.* (hereinafter "Regulation X").

50. On September 4, 2024, Plaintiff sent a notice of error to Defendant as that term is defined under RESPA, 12 U.S.C. § 2605(e)(1)(b).

51. Defendant did not acknowledge or respond to Plaintiff's notice of error.

52. Further, Defendant failed to correct the account in violation of 12 U.S.C. §2605(e)(2) and 24 C.F.R. §3500.21(e)(3).

53. Defendant failed to conduct an appropriate investigation after receiving the notice of error in violation of 12 U.S.C. §2605(e)(2).

54. As a direct result of Defendant's conduct, Plaintiff has suffered emotional distress through Defendant's failure to report or update the ongoing payments Plaintiff has made for 29 years on her thirty year reaffirmed debt.

55. Defendant has engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA as set forth in 12 U.S.C. § 2605.

## COUNT THREE:
## <u>BREACH OF THE SETTLEMENT AGREEMENT</u>

Plaintiff re-alleges paragraphs one (1) through thirty-seven (37) as if fully restated herein and further states as follows:

56. On August 3, 2022, the parties resolved the First Litigation by entering into the Settlement Agreement, which was a valid contract.

57. In the Settlement Agreement Chase agreed to correct the misreporting on Plaintiff's credit report and to not disparage Plaintiff wit respect to the First Litigation.

58. Specifically under section 3 of the Settlement Agreement, Chase agreed that:

> - Credit Reporting: Within thirty-days of the full execution of this Agreement by the Parties, Chase shall submit an electronic Automated Universal Dataform ("AUD") to all credit bureaus to which it reports credit information about the Subject Loan and correct the credit reporting to reflect that the Subject Loan was reaffirmed and that all subsequent payments were made on time. The Parties understand, acknowledge and agree that Chase does not have the ability to make changes to Customer's credit report directly – rather, that ability rests with the credit reporting bureaus – and as a result, the Parties understand, acknowledge and agree that Chase shall have no liability for any failure of any credit bureau to comply with Chase's request that the Subject Loan be reported as stated above. Notwithstanding the Confidentiality provisions contained in this Agreement, Customer shall have the ability and right to contest the entry and/or maintenance of inaccurate credit entries with the credit reporting bureaus. Chase shall not have an ongoing obligation to monitor the customer's credit. Submission of the AUD shall constitute compliance with this paragraph.

59. Chase breached the Settlement Agreement when it failed to comply with its express terms.

60. The corrective reporting was to be done within 30 days of the full execution of the Settlement Agreement; however, Chase failed to submit any AUD to correct the reporting within the timeline specified.

61. As of at least March 23, 2023, Chase was repeatedly put on notice of the violations of the Settlement Agreement via email from Plaintiff's counsel, but took no corrective action.

62. As a result of Defendant's breach of the Settlement Agreement, Plaintiff has suffered actual damages.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests an entry of:

    a. Judgment against Defendant for maximum statutory damages for violations of the FCRA and RESPA;

    b. Actual damages in an amount to be determined at trial;

    c. Compensatory damages in an amount to be determined at trial;

    d. Punitive damages under the FCRA and RESPA in an amount to be determined at trial;

    e. An award of attorneys' fees and costs; and

    f. Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

        Respectfully submitted,

        REBBECCA GOODALL LAW, PA

        /s/ Rebbecca A. Goodall
        Rebbecca A. Goodall, Esq.
        Florida Bar No.: 0115344
        rgoodall.law@gmail.com
        P.O. Box 1304
        Elfers, FL 34680
        (813) 438-3695
        Attorney for Plaintiff